Dear Mr. Goodman:
You have requested an opinion of the Attorney General, in your capacity as legal counsel for the Housing Authority of the Town of Marksville (the "Authority"). You specifically ask whether the names and addresses of the tenants of the Authority, who occupy units of low income housing owned by the Authority, fall within the class of records protected from disclosure by the Public Records Act (the "Records Act").
It is our understanding from the information furnished with your request, that each tenant has been deemed eligible for low income housing pursuant to the rules and regulations of the United States Department of Housing and Urban Development ("HUD") and the Authority, and each tenant is a party to an agreement of lease with the Authority which governs the occupancy and use of the premises. Under the agreements, tenants receive subsides in the form of diminished rental and utility allowances.
You also note that none of the tenants participate in a Section 8 voucher or certificate housing program established by the rules and regulations of HUD. The Authority is not a federal agency within the definition of the 5 U.S.C. § 551, and therefore is not subject to the provisions of the Freedom of Information Act (the "FIA"). The issue presented involves the applicability,vel non, of R.S. 44:1, et seq.
Initially, we concur with your opinion that the Authority is not a federal agency and, therefore, not subject to the FIA. Guesnonv. McHenry, 539 F.2d 1075 (1976). We now focus on the State's Public Records Law. R.S. 44:1, et seq. comprise the Louisiana Public Records Act (the "LA Records Act"). Section 1(A)(1) includes within the definition of "public body" the Authority. Consequently, all information, in whatever format, generated by the Authority in the transaction of its business constitutes "public records". As such, they are subject to preservation and examination unless specific exemption is provided by law. R.S.44:31.
The public's right and access to information under the Act is not absolute, but rather must be balanced against the nature and extent of the invasion, if any, into a person's privacy. R.S.44:4 (3) provides, in pertinent part, the following:
"This Chapter shall not apply:
* * *
 (3) To any records, writings, accounts, . . . in the custody or control of any officer, employee, agent or agency of the state . . . when the records, writings, accounts, . . . pertain to the business of the private person . . . and are in their nature confidential."
We further draw your attention to Article I, Section 5 of the Louisiana Constitution of 1974 which provides, in pertinent part:
 "Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy."
This office has previously addressed the issue of whether the names and addresses of tenants participating in Section 8 and voucher programs are exempt from release under the Records Act. Attorney General Opinion No. 87-355 held that the disclosure of the names of tenants participating in a Section 8 program would, in reality, also disclose the income of such persons. Such information is, by its own nature, confidential and the disclosure of same would be an invasion of personal privacy. This opinion was reaffirmed in Opinion No. 88-317.
While not a Section 8 program, the housing in question affords relief to low income tenants, all of whom must qualify under rules and regulations established by HUD and the Authority. We see no distinction, whatsoever, between the rights of privacy of Section 8 tenants and the tenants participating in the Authority's housing program. Accordingly, it is the opinion of this office that the release of the names and addresses of the tenants participating in the Authority's housing program would be in violation of the rights to privacy of said tenants. Attorney General Opinion Nos. 87-355 and 88-317.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla